IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



**LONDON MIGUEL WELLS,**

    Petitioner,

v.                                           Civil Action No. **3:08CV244**

**B. WATSON,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia prisoner proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 5, 2008, Respondent B. Watson filed a motion to dismiss the petition, along with a brief in support. Petitioner has not responded to that motion.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At age fifteen, Petitioner was charged in the Juvenile and Domestic Relations Court for the City of Virginia Beach ("the juvenile court") with delinquency for attempted robbery, possession of a stolen firearm, use of a firearm during the commission of a felony, and malicious wounding. On March 27, 1996, the juvenile court granted the prosecutor's motion to try Petitioner as an adult on each of the four counts pursuant to § 16.1-269.1 of the Virginia Code. The Circuit Court for the City of Virginia Beach ("the Circuit Court") upheld the decision of the juvenile court, granting leave for the prosecutor to seek indictments against Petitioner. In addition to the four counts presented to the juvenile court, however, the prosecutor also sought and obtained an indictment on one count of attempted capital murder.

On October 2, 1996, Petitioner was convicted of malicious wounding, receiving stolen property, using a firearm in the commission of a felony, attempted robbery, and attempted capital

murder. (Resp.'s Br. in Supp. of Mot. to Dismiss, Ex. A.) The Circuit Court for the City of Virginia Beach sentenced Petitioner to a total of 63 years in prison, with 39 years suspended. Petitioner did not appeal his conviction or sentence. On March 7, 2008, the Supreme Court of Virginia dismissed Petitioner's application for state habeas relief as untimely filed.

## II. GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner argues only that the Circuit Court's judgment is void for lack of jurisdiction because the juvenile court never determined that the attempted capital murder charge was supported by probable cause, in violation of Virginia Law. *See* Va. Code Ann. § 16.1-269.1(A)(2) (Michie 1994). Respondent moves to dismiss on the ground that, *inter alia*, Petitioner's claim is not cognizable in habeas because he has not alleged the violation of a federal right.

## III. DISCUSSION

In order to obtain federal relief, an inmate must demonstrate that his rights under the Constitution, law, or treaties of the United States were violated. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A "mere error of state law is not a denial of due process;" if it were, then "every erroneous decision by a state court on state law would [become] a federal constitutional question." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) (internal quotations omitted). Petitioner argues that his conviction violates his constitutional rights because the Circuit Court lacked jurisdiction under Virginia Law. Petitioner does not, however, identify any independent federal right to a probable cause determination in juvenile court on every charge upon which a juvenile is subsequently tried as an adult. Thus, Petitioner's assertion that the Circuit Court violated state law does not state a proper basis for federal habeas relief. *See Wright v. Angelone*,

2

151 F.3d 151, 157-58 (4th Cir. 1998) (holding that petitioner's claim that Virginia Circuit Court lacked jurisdiction over claims added subsequent to transfer from juvenile court was not cognizable in habeas). Accordingly, Respondent's motion to dismiss (Docket No. 4) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Richard L. Williams
United States District Judge

Date: OCT 2 8 2008
Richmond, Virginia